```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                     CENTRAL DIVISION at LEXINGTON
```

DONNA FRANKLIN,                )
                               )
     Plaintiff,                ) Civil Action No. 5:11-cv-118-JMH
                               )
v.                             )
                               )
                               )
MOTEL 6 OPERATING L.P., et al.,)  **MEMORANDUM OPINION AND ORDER**
                               )
     Defendants.               )

                    **       **       **       **       **

The Court has reviewed the Notice of Removal [Record No. 1] filed in this matter, as well as the Complaint which was originally filed in Fayette Circuit Court [Record No. 1-1].

In that Complaint, Plaintiff avers that he suffered injury due to the negligence of Defendant Motel 6 Operating L.P. d/b/a Motel 6 Lexington East #1142 through policies and procedures that led to the sexual assault of Plaintiff by an employee. *Id.* at paras. 6-7. Plaintiff avers that these policies and procedures establish a cause of action for negligent hiring, training and supervising as well as for assault, battery, intentional infliction of emotional distress and negligent infliction of emotional distress under the doctrine of respondeat superior. *Id.* at paras. 9-10. Plaintiff seeks damages "in an amount calculated to fairly and reasonably compensate the Plaintiff for the damages sustained by her." *Id.* at para. 12.1. Plaintiff does not specify an amount of damages in her

1

complaint and Defendant states in its notice of removal that "[t]his is a civil action in which the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs."[1] [Record No. 1, para. 11].

"In cases like the one at hand, 'where the plaintiff seeks to recover some *unspecified* amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant must show that it is more likely than not that the plaintiff's claims exceed $75,000." *King v. Household Fin. Corp. II,* 593 F. Supp. 2d 958, 959 (E.D. Ky. 2009) (emphasis in original). Defendants must come forward with competent proof showing that the amount-in-controversy requirement is satisfied and speculation is not sufficient to meet this burden. *Id.* (holding that defendant offered "mere averments" and not "competent proof" where notice of removal stated only that "in light of the plaintiffs' claims for compensatory damages, punitive damages, and attorney fees, "it is clear that the amount in controversy threshold is met"); *see also Hackney v. Thibodeaux*, No. 10-35-JBC, 2010 U.S. Dist. LEXIS 45633, *3-8 (E.D. Ky. May 10, 2010) (holding

---

[1] Kentucky circuit courts are courts of general jurisdiction, having "original jurisdiction of all justiciable causes not exclusively vested in some other court." KRS § 23A.010. Kentucky district courts have exclusive jurisdiction over civil cases in which the amount in controversy does not exceed four thousand dollars ($4,000.00), exclusive of interest and costs, meaning that the amount in controversy must exceed $4,000.00 in order for jurisdiction of a civil matter to lie in the circuit court of a given county. *See* KRS §§ 23A.010, 24A.120.

that there was no competent evidence of requisite amount in controversy where defendant relied on plaintiff's pleading which sought to recover past and future medical expenses, lost wages, future impairment of the power to earn money, and past and future pain and suffering and mental anguish for injuries which are "serious and permanent in nature.").

In their Notice of Removal, Defendants appear to rely solely on the averments of Plaintiff's Complaint in an attempt to demonstrate the requisite amount-in-controversy, stating only that "[t]his is a civil action in which the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs." [Record No. 1, para. 11]. This is not enough, and, unless Defendants offer competent proof of an amount in controversy which exceeds $75,000, the Court is of the opinion that it lacks jurisdiction over this matter and that the matter should be remanded to Fayette Circuit Court.

Accordingly, upon the Court's own motion, **IT IS ORDERED** that Defendants shall **SHOW CAUSE** on or before **July 20, 2011,** why this matter should not be remanded to Fayette Circuit Court.

This the 6th day of July, 2011.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge